PATRICK R. WATT
HEATHER M. STARNES
Jardine, Stephenson, Blewett & Weaver, P.C.
U.S. Bank Building, Suite 700
300 Central Avenue
P.O. Box 2269
Great Falls, MT 59403-2269
(406) 727-5000
pwatt@jardinelaw.com
hstarnes@jardinelaw.com

*Attorneys for PLAINTIFF*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTHEAST MONTANA HEALTH SERVICES, INC.,<br><br>and<br><br>BARTON & ASSOCIATES, INC.,<br><br>and<br><br>TONY UNDERWOOD,<br><br>Defendants. | Cause No. CV-24-09-GF-BMM-JTJ<br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW, Plaintiff Cincinnati Insurance Company (hereinafter, "CIC" or

"Plaintiff"), by and through its counsel of record and hereby submits the following Complaint for

Declaratory Judgment against Defendants Northeast Montana Health Services, Inc. ("NMHS"), Barton & Associates, Inc. ("Barton"), and Tony Underwood ("Underwood"), alleging as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202, and 1332 in which CIC seeks to resolve and confirm that it owes no defense and/or indemnity obligations to Defendants in connection with any and all alleged claims in the "Underlying Action" described below.

## PARTIES

2.      CIC is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business located in Ohio.

3.      NMHS is a non-profit corporation organized and existing under the laws of the State of Montana with its principal place of business in Roosevelt County, Montana.

4.      Barton is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Massachusetts.

5.      Underwood is a citizen of the State of Montana who resides in Glacier County, Montana.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between CIC and Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and (3) because a substantial part of the events giving rise to the claims occurred in the District of Montana and Defendants are subject to the Court's personal jurisdiction.

8.      Because there is a dispute between the parties regarding the respective rights and obligations under the insurance policy that CIC issued to NMHS (the "Policy") with respect to coverage for the Underlying Action, an actual controversy exists that cannot be resolved absent relief from this Court.

## FACTUAL ALLEGATIONS

### The Policy

9.      CIC issued Pillar Policy No. EMH 060 44 81 to NMHS effective for the period from February 1, 2023 to February 1, 2024 (the "Policy Period"). A copy of the Policy is attached hereto as "Exhibit A," and incorporated herein by this reference.

10.      Subject to the Policy's terms, conditions, limitations, exclusions, and endorsements, the Policy provides certain coverages under a Healthcare Institutions Directors and Officers Liability Coverage Part (the "D&O Coverage Part") and an Employment Practices Liability Coverage Part.

11.      NMHS purchased coverage parts A, B, C, D, and E of the Policy's D&O Coverage Part, which contains the following five Insuring Agreements:

> (A) We will pay on behalf of the **insured persons** all **loss** which they shall be legally obligated to pay, except for such **loss** which the **organization** actually pays as indemnification, resulting from any **claim** first made during the **policy period**, or any **extended reporting period** included in or endorsed to the policy, for a **wrongful act**.

> (B) We will pay on behalf of the **organization** all **loss** which the **organization** is required to pay as indemnification to the **insured persons** resulting from any **claim** first made during the **policy period**, or any **extended reporting period** included in or endorsed to the policy, for a **wrongful act**.

> (C) If set forth in the Healthcare Institutions Directors and Officers Liability Coverage Part Declarations, we will pay on behalf of the **organization** all **loss** which the **organization** is required to pay

resulting from any **claim** first made during the **policy period**, or any **extended reporting period** included in or endorsed to the policy, against the **organization** for a **wrongful act**.

(D) If set forth in the Healthcare Institutions Directors and Officers Liability Coverage Part Declarations, we will pay on behalf of the **insureds** all **loss** which the **insureds** are required to pay resulting from any **claim** first made during the **policy period**, or any **extended reporting period** included in or endorsed to the policy, against the **insureds** for a **wrongful act** in connection with an **antitrust action**. and

(E) If set forth in the Healthcare Institutions Directors and Officers Liability Coverage Part Declarations, we will pay on behalf of the **insureds** all **loss** which the **insureds** are required to pay resulting from any **claim** first made during the **policy period**, or any **extended reporting period** included in or endorsed to the policy, against the **insureds** for a **wrongful act** in connection with a **regulatory action**.

(Exhibit A-33; Exhibit A-36 at § I).

12.     The Policy states that CIC has the right and duty to select counsel and defend the **insureds** against any **claim**. However, CIC has no duty to defend the **insureds** against any **claim** to which the insurance does not apply. (Exhibit A-36 at §I; Exhibit A-43 §VI(A)).

13.     The Policy contains the following relevant definitions:

a.      "Claim" is defined in the D&O Coverage Part, in relevant part, as "[a] civil proceeding commenced by the filing of a complaint or similar pleading." (Exhibit A-36, at § II(B)(2)).

b.      "Insured" is defined as the "organization" and "insured persons." (Exhibit A-37 at § II(K)).

c.      "Organization" is defined in the D&O Coverage Part to mean the "named insured" (i.e., NMHS and Northeast Montana Health Services

4

Charitable Foundation Inc.) and any "subsidiary." (Exhibit A-38 at § II(O); Exhibit A-9- at § I(M); Declarations; and Exhibit A-32).

d.        "Subsidiary" is defined as "any entity in which the **named insured** owns, directly or indirectly, more than 50% of the outstanding securities or voting rights representing the present right to vote for election of directors, trustees, managers (if a limited liability company) or equivalent positions and any such entity in its capacity as a **debtor in possession**. **Subsidiary** also includes any entity for which the **named insured** has the right, pursuant to written contract or the by-laws, charter, operating agreement or similar documents of an organization, to elect, appoint or designate a majority of the voting directors or trustees." (Exhibit A-9 at § I(S), as amended by Exhibit A-26).

e.        "Insured persons" is defined in the D&O Coverage Part as: (1) **Directors and Officers**; (2) All natural persons who were, now are, or shall become an employee, faculty member, staff member, committee member, or advisory committee member whether or not they were, are or shall be compensated, of the **organization**; (3) All natural persons who were, now are, or shall become members or volunteers of the **organization** while acting on behalf of the **organization** in a voluntary capacity at the direction of the **directors and officers**; (4) Any natural person who is an independent contractor as determined by federal, state or local law, but only while acting in the capacity as such for the **organization** pursuant to an express written agreement between the independent contractor, or any entity on behalf of

5

the independent contractor, and the **organization** and only if the **organization** agrees in writing to provide indemnification to such independent contractor; provided, however, that any coverage under this Coverage Part for any such independent contractor shall be excess of any indemnification or insurance otherwise available to such independent contractor from any other sources; and (5) medical directors. (Exhibit A-37 at § II(L), as amended by Exhibit A-25).

f.       "Directors and officers" is defined as "all natural persons who were, now are, or shall become an officer, administrator, a duly elected or appointed member of the board of directors, trustees, regents, managers, governors, a LLC manager or an equivalent position of the **organization**." (Exhibit A-37 at § II(D).)

g.       "Loss" is defined in the D&O Coverage Part, in pertinent part and subject to certain exceptions, as "**defense costs** and the total amount of monetary damages which the **insured** becomes legally obligated to pay on account of a **claim** for a **wrongful act** with respect to which coverage hereunder applies, including damages, judgments, settlements, pre-judgment and post-judgment interest, and punitive and exemplary damages or the multiplied portion of any multiplied damage award if insurable under the applicable law most favorable to the insurability of punitive, exemplary or multiplied damages," among other things. (Exhibit A-38 at §  II(N), as amended by Exhibit A-44).

h.     "Wrongful act" is defined in the Policy to mean any actual or alleged error, misstatement, misleading statement, act, omission, neglect or breach of duty committed, attempted or allegedly committed or attempted on or after the Retroactive Date, if any, set forth in the Healthcare Institutions Directors and Officers Liability Coverage Part Declarations and prior to the end of the **policy period** by: (1) Any of the **insured persons** in the discharge of their duties solely in their capacity as **insured persons** of the **organization**; (2) Any of the **insured persons** of the **organization** in the discharge of their duties solely in their capacity in an **outside position** in any **outside organization**; (3) Any of the **insured persons** solely by reason of their status as such; or (4) The **organization**. (Exhibit A-39 at § II(V).)

i.     "Employment related wrongful act" is defined to mean a **wrongful act** arising from employment related activities, including, but not limited to, hiring, training, supervision, evaluation, promotion, demotion, granting of tenure, and termination. (Exhibit A-37 at § II(F)).

14.     The Policy contains the following, and other, relevant exclusions:

a.     <u>Bodily/Personal Injury and Property Damage Exclusion</u>: CIC is "not liable to pay, indemnify or defend any **claim** for actual or alleged: (1) Bodily injury, sickness, disease, or death of any person, mental anguish, or emotional distress; (2) **Property damage**, including, but not limited to, physical injury, loss of or loss of use of currency or any negotiable or non-negotiable instruments or contracts representing money; or (3) Invasion of privacy, wrongful entry, eviction, false arrest, false imprisonment, false detention, abuse of process, malicious prosecution,

7

libel, slander, defamation, or disparaging of a person's or organization's goods, products or services, provided however, that this exclusion shall not apply to any **claim** for any mental anguish or emotional distress against any persons based upon, arising out of, or in consequence of an **employment related wrongful act.** (Exhibit A-39 at § III(B), as amended by Exhibit A-44 to A-48).

b.      Medical Malpractice Exclusion: CIC is "not liable to pay, indemnify or defend any **claim** for the **insureds'** performance or rendering of or failure to perform or render medical or other professional services or treatment for others." (Exhibit A-41 at § III(J)).

c.      Employment Practices Exclusion:  CIC is "not liable to pay, indemnify or defend any **claim** against the **organization** for an **employment related wrongful act**. (Exhibit A-40 at § III(F), as amended by Exhibit A-44 to A-48).

## The Underlying Action

15.      Upon information and belief, Eli Jones ("Jones") filed a complaint against NMHS, Underwood, Barton, and John Does, Case No. DV-32-2023-0000806-OC, in the Fourth Judicial State District Court, Missoula County, Montana (the "Underlying Action") on or about July 28, 2023. A copy of the complaint filed in the Underlying Action is attached hereto as "Exhibit B."

16.      In the Underlying Action, Jones alleges that he began having back pain in December 2021 at which time he was diagnosed with low back strain. ( Exhibit B ¶¶ 6-8).

17.      Over the next three months, Jones alleges he sought treatment from NMHS, Underwood, and/or Barton for his back pain, but continued to be misdiagnosed. ( Exhibit B ¶¶ 9-24).

18.      Jones alleges he was ultimately diagnosed with an infection of his thoracic spine in

8

March 2022, which should have been diagnosed earlier. Jones further alleges that the delay in diagnosis caused severe, permanent neurological damage, including motor complete paraplegia and sensory incomplete paraplegia. ( Exhibit B  ¶¶ 25-30).

19.     Jones alleges NMHS, Underwood, and/or Barton failed to comply with applicable standards of care and were negligent in failing to run appropriate tests and failing to appropriately diagnosis his condition earlier. ( Exhibit B ¶¶ 35-37) .

20.     Jones further alleges that NMHS negligently credentialed, hired, privileged, trained, and/or supervised Underwood. ( Exhibit B. ¶ 25).

21.     In the Underlying Action, Jones seeks past and future loss of earnings and earning capacity; past and future medical expenses; past and future out of pocket expenses; past and future loss of household services; physical and mental pain and suffering; loss of quality, enjoyment and established course of life; and disability. (. Exhibit B ¶ 40).

## CIC's Coverage Position

22.     NMHS tendered the Underlying Action to CIC for coverage.

23.     On October 17, 2023, CIC sent NMHS a letter advising NMHS that it believed multiple exclusions applied that would bar coverage in the Underlying Action, but that it would "defend the Insured under a reservation of rights and file a declaratory judgment action to discern coverage." A copy of the ROR Letter is attached hereto as "Exhibit C."

24.     CIC continues to defend NMHS in the Underlying Action, subject to a full and complete reservation of rights, including the right to seek a declaration of CIC's rights and duties under the Policy and at law and its right to withdraw from the defense should it be declared  that the Underlying Action presents no potential for coverage under the Policy.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
## (NO COVERAGE FOR BODILY/PERSONAL INJURY AND PROPERTY DAMAGE)

25.     CIC hereby adopts by reference the allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.     The Underlying Action asserts that Jones suffered personal and/or bodily injury as a result of Defendants' alleged conduct.

27.     CIC contends that is has no duty to defend or indemnify Defendants in connection with the Underlying Action because the Policy specifically excludes any **claim** for actual or alleged bodily injury, sickness, disease, or death of any person, mental anguish, or emotional distress.

28.     By reason of the foregoing, an actual and justiciable controversy exists between CIC and Defendants. Therefore, CIC seeks a declaratory judgment that CIC is not obligated to defend or indemnify Defendants, or any of them, in connection with the Underlying Action.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF
## (NO COVERAGE FOR MEDICAL MALPRACTICE)

29.     CIC hereby adopts by reference the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     The Underlying Action asserts that Jones was damaged as a result of Defendants' performance or rendering of or failure to perform or render medical treatment.

31.     CIC contends that is has no duty to defend or indemnify Defendants in connection with the Underlying Action because the Policy specifically excludes any **claim** for the **insureds'** performance or rendering of or failure to perform or render medical or other professional services or treatment for others.

32.     By reason of the foregoing, an actual and justiciable controversy exists between CIC and Defendants. Therefore, CIC seeks a declaratory judgment that CIC is not obligated to defend or indemnify Defendants, or any of them, in connection with the Underlying Action.

## THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF
## (NO COVERAGE FOR EMPLOYMENT PRACTICES)

33.     CIC hereby adopts by reference the allegations contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.     The Underlying Action asserts that Jones was damaged as a result of Defendants' actual or alleged errors, acts, neglect or breaches of duty with respect to the credentialing, hiring, training, and/or supervision of Underwood.

35.     CIC contends that is has no duty to defend or indemnify Defendants in connection with the Underlying Action because the Policy specifically excludes any **claim** for improper hiring, training, supervision, evaluation, promotion, demotion, granting of tenure, and termination.

36.     By reason of the foregoing, an actual and justiciable controversy exists between CIC and Defendants. Therefore, CIC seeks a declaratory judgment that CIC is not obligated to defend or indemnify Defendants, or any of them,  in connection with the Underlying Action.

## COUNT FOUR FOR DECLARATORY RELIEF
## DECLARATORY JUDGMENT AS TO NON-INSURED STATUS
## OF BARTON AND UNDERWOOD

37.     CIC hereby adopts by reference the allegations contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.     CIC contends that it has no duty under the Policy to defend or indemnify non-insureds in connection with the Underlying Action.

39.     CIC contends that neither Barton nor Underwood qualify as "Insured" under the Policy.

40.     By reason of the foregoing, an actual and justiciable controversy exists between CIC and Barton and Underwood. Therefore, CIC seeks a declaratory judgment that neither Barton

nor Underwood are **insureds** under the Policy and, therefore, CIC is not obligated to defend or indemnify Barton or Underwood in connection with the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, CIC prays that this Court enter an Order for the following relief:

1. For a judicial declaration that the Policy does not provide coverage (no duty to defend and/or indemnify) to any of Defendants under the Bodily/Personal Injury and Property Damage Exclusion for the Underlying Action;

2. For a judicial declaration that the Policy does not provide coverage (no duty to defend and/or indemnify) to any of Defendants under the Medical Malpractice Exclusion for the Underlying Action;

3. For a judicial declaration that the Policy does not provide coverage (no duty to defend and/or indemnify) to any of Defendants under the Employment Practices Exclusion for the Underlying Action;

4. For a judicial declaration that Barton and Underwood are not Insureds and, therefore, the Policy does not provide coverage (no duty to defend and/or indemnify) to Barton and Underwood for the Underlying Action;

5. For CIC's fees and costs associated with bringing this action;

6. For a judicial declaration that Defendants, individually and collectively, be bound by the findings, rulings, and order of this Court with respect to the Policy; and

7. For such other relief that the Court deems just and proper under the circumstances.

Dated this 12th day of January, 2024.

JARDINE, STEPHENSON, BLEWETT & WEAVER, P.C.

By: _____

Patrick R. Watt,  Attorneys for Plaintiff
THE CINCINNATI INSURANCE COMPANY